IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FRANKLIN,<br><br>Plaintiff,<br><br>vs.<br><br>HIREQUEST,<br><br>Defendant. | **8:26CV223**<br><br>**MEMORANDUM AND ORDER** |

The matter is before the Court to perform an initial review of a Complaint filed on May 13, 2026, by Plaintiff Michael Franklin ("Plaintiff"), who is proceeding pro se. Filing No. 1. Plaintiff was given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2), to determine if summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of the Complaint, summary dismissal is appropriate. However, in lieu of dismissal the Court shall sua sponte allow Plaintiff to file an amended complaint in compliance with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

Plaintiff filed a "complaint for damages" on May 13, 2026, alleging claims of "tortious interference with business expectancy," retaliation, "unfair and deceptive business practices," and "fraud/misrepresentation," against sole defendant HireQuest.

Filing No. 1 at 3-4. He asserts this Court has jurisdiction because "the events giving rise to this claim occurred within this jurisdiction." *Id.* at 1.

Plaintiff's claims arise from his temporary employment with HireQuest. He alleges that HireQuest is a staffing agency which placed him as a temporary worker with an employer, but upon expressing his interest in taking a permanent position with that employer, a HireQuest manager became angry with him and instructed the employer to terminate Plaintiff. *Id.* at 2.

He seeks monetary damages as relief. *Id.* at 4.

## II. DISCUSSION

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties[,]" *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), even pro se parties must provide this Court with a basis for jurisdiction otherwise their case must be dismissed. This is so as

federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added); *see also Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (explaining that the "'threshold requirement in every federal case is jurisdiction,'" thus, before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute, and if not, it must dismiss the case) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Moreover, "[s]ubject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cit. 1997) (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). This means this Court cannot adjudicate this matter without having the jurisdiction to do so.

A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." [1] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[1] Diversity jurisdiction applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Put another way, this Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). And, to establish diversity a plaintiff "must set forth with

Here, as the United States is not a party to this suit, as the location of a dispute does not provide this federal court with a jurisdictional basis under which it may proceed, and as this Court does not have the authority to waive the subject matter jurisdiction requirement, this Court cannot adjudicate Plaintiff's case as pleaded.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **September 18, 2026**, to file an amended complaint that provides a jurisdictional basis under which this Court may proceed in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint by the September 18, 2026, deadline, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **September 18, 2026**: deadline for amended complaint.

3. The Clerk of the Court is directed to send Plaintiff a non-prisoner civil complaint form.

4. The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2) in the event Plaintiff files an amended complaint.

Dated this 19th day of August, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted).